THE PEOPLE *ex rel.* EDWARD A. BURMILA, JR., State's Attorney of Will County, Plaintiff-Appellant, v. ONE 1987 CADILLAC, VIN 1G6CD118XH4317299, *et al.*, Defendants-Appellees.

Third District No. 3—89—0805

Opinion filed October 5, 1990.

Edward Burmila, State's Attorney, of Joliet (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellant.

Patrick T. Rogers, of John T. O'Connell, Ltd., of Willow Springs, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The State filed a forfeiture petition against a 1987 Cadillac owned by the defendant, Larry West. The trial court granted the defendant's motion to exclude certain evidence and denied the forfeiture petition. The State appeals both rulings.

The record shows that the State filed a forfeiture petition alleging that the defendant had used his 1987 Cadillac to facilitate the unlawful possession of a controlled substance with the intent to deliver (Ill. Rev. Stat. 1989, ch. 56½, par. 1401). The defendant filed a motion *in limine* seeking to bar admission of both a baggie containing a white powdery substance and a test tube containing a white powdery residue. The trial court reserved ruling on the motion until the conclusion of the forfeiture hearing.

At the forfeiture hearing, Romeoville police officer Larry Vinson testified that on August 27, 1989, he responded to a report of a disturbance at the residence of Walter Gustave. When he arrived on the scene, Gustave was attacking the defendant, who was lying on the floor, covered with blood. Vinson arrested Gustave and summoned an ambulance for the defendant.

Vinson further testified that Officer Scott Dubbs then arrived on the scene. Since the defendant's Cadillac was parked in the driveway, Dubbs asked the defendant if he wanted it removed for safekeeping. The defendant replied that he did. Dubbs then arranged for a tow truck to pick up the car. Pursuant to departmental policy, Vinson conducted an inventory search of the passenger compartment.

Officer Dubbs testified that he assisted Vinson in the inventory search. After they finished, he indicated on the tow report that the vehicle was eligible for release. The Cadillac was then towed by Steve's Towing Service, which was not affiliated with the police department.

Officer Eugene Sullivan testified that later that day, he searched the Gustave residence and found a set of car keys. The keys were turned over to Officer Michael Ramaglia, who went to Steve's Towing Service to search the trunk.

Officer Ramaglia testified that the car was stored in a fenced-in parking lot. Inside the trunk, he found a baggy containing a white powdery substance.

Officer Sullivan testified that after he learned of the possible narcotics, he altered the tow report to indicate that the vehicle was not eligible for release. On August 29, 1989, he searched the trunk and found a test tube containing a white powdery residue.

A forensic scientist testified that the substance in the baggie weighed 1.6 grams and contained cocaine.

The trial court found that the automobile was not in police custody at the time of the first two inventory searches. Consequently, it denied admission of the cocaine into evidence. It further ruled that the vehicle was not subject to forfeiture.

On appeal, the State argues that the court erred in its rulings. The State contends that the police had custody of the vehicle because the owner allowed the police to arrange for its towing. It therefore contends that the police had the authority to make an inventory search of the entire vehicle. Since the cocaine was admissible, the State asks this court to reverse the denial of the forfeiture petition.

■■■ The police may inventory the contents of a motor vehicle that has been lawfully taken into custody. (*People v. Clark* (1976), 65 Ill. 2d 169, 357 N.E.2d 798.) The reasons justifying the search are as follows: (1) to protect the owner's property; (2) to protect the police against claims concerning lost or stolen property; and (3) to protect the police from potential danger. (*Clark*, 65 Ill. 2d at 174, 357 N.E.2d at 800.) The justification for the search arises from impoundment (*People v. Schultz* (1981), 93 Ill. App. 3d 1071, 418 N.E.2d 6); consequently, the police may only make an inventory search if they have responsibility for the vehicle's contents (*People v. Von Hatten* (1977), 52 Ill. App. 3d 338, 367 N.E.2d 556).

The record shows that the police complied with the defendant's request to have the vehicle removed for safekeeping. A private company then towed and stored the vehicle. According to the tow report,

the vehicle was initially eligible for release. Under these circumstances, we find that the police did not have a sufficient custodial interest to justify the search which uncovered the cocaine. We therefore affirm the trial court's exclusion of the cocaine and its denial of the petition for forfeiture.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

SCOTT and GORMAN, JJ., concur.