THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
WILLIAM ABNEY, Defendant-Appellee.

Fourth District   No. 14670

Opinion filed March 10, 1978.

Ronald C. Dozier, State's Attorney, of Bloomington (Robert C. Perry, of State's
Attorneys Appellate Service Commission, of counsel), for the People.

Gary Johnson, of Normal, for appellee.

Mr. PRESIDING JUSTICE GREEN delivered the opinion of the court:
This case concerns the standards by which law enforcement officers
having probable cause to arrest a person may make a warrantless
uninvited entry into a dwelling to effectuate that arrest.

Defendant William Abney was charged in the circuit court of McLean
County with aggravated battery. Prior to trial he moved to suppress a
bullet found in his residence by officers who had entered the premises
without a warrant and to also suppress other evidence which arose out of
the search of the home. The evidence at the hearing on the motion
showed that Willie Jones had stated to a police officer that defendant had
beaten him with a 9-millimeter service automatic pistol and had informed
the officer of the defendant's address. That officer together with another
officer then went to the given address and entered the premises with their
revolvers drawn believing that defendant might be armed with the
revolver used in the beating. The officers testified that as they knocked,
the door to the residence swung open and that, upon entry they did not
find defendant inside but saw the bullet in plain view. Circumstantial

evidence was introduced by defendant indicating that the door was locked at the time. However, this evidence was refuted somewhat by his admission that he had on another occasion told police that the door had been defective at about the time of the police entry.

The trial court allowed the motion upon the basis that the evidence seized was obtained as the result of an unlawful entry. The trial judge did not give his reasons for finding the entry to be unlawful other than to indicate that he allowed the motion reluctantly because he felt that he was required to do so under the cases.

Uncertainty exists in this State at this time as to the circumstances which permit officers to make a warrantless entry into an abode for the purpose of making an arrest. In *People v. Von Hatten* (1977), 52 Ill. App. 3d 338, 367 N.E.2d 556, in ruling in a split decision that a warrantless search was too far removed in time from a lawful warrantless entry to make an arrest to make the search lawful, this court noted that until recently the decisions in this State generally required only that the officers have probable cause to make the arrest. The opinion noted, however, that in *People v. Wolgemuth* (1976), 43 Ill. App. 3d 335, 356 N.E.2d 1139, the appellate court had questioned that rule. There police officers had learned that an individual wanted by authorities in another State was in a particular apartment. The officers went to that residential apartment and knocked. Upon receiving no response, they had the apartment manager unlock the door and let them into the apartment whereupon they found and arrested the defendant. The appellate court ruled the entry would have been justified only under exceptional or exigent circumstances. Finding no such circumstances to exist, the court ruled that evidence seized as a result of the warrantless entry should have been suppressed and reversed the conviction.

On appeal in *Wolgemuth*, the supreme court (69 Ill. 2d 154, 370 N.E.2d 1067) ruled that in any event the police officers' knowledge of a valid warrant for defendant's arrest issued in the demanding State justified the entry. Although expressly declining to state what the ruling would have been in the absence of the warrant, that court noted that the United States Supreme Court had no directly ruled as to whether exigent circumstances are required for a warrantless entry of the type in question but that the circuit courts of appeal for several of the Federal circuits have ruled that exigent circumstances are required.

Although prior Illinois Supreme Court decisions concerning the warrantless entry of an individual's living quarters to make arrests have spoken of probable cause as the criterion by which the lawfulness of the entry is judged, actually other factors have also been present. In *People v. Sprovieri* (1969), 43 Ill. 2d 223, 252 N.E.2d 531, the police had knowledge of defendant's intent to flee town. In *People v. Johnson* (1970), 45 Ill. 2d

283, 259 N.E.2d 57, the officers actually saw defendant in his apartment before entering to make his arrest. In *People v. Clay* (1973), 55 Ill. 2d 501, 304 N.E.2d 280, the defendants were accused of murder and armed robbery and the police had been told that they had a shotgun. Emergency circumstances necessitated immediate action in *People v. Brooks* (1972), 7 Ill. App. 3d 767, 289 N.E.2d 207, and *People v. Clayton* (1975), 34 Ill. App. 3d 376, 339 N.E.2d 783, appellate court decisions.

In *Coolidge v. New Hampshire* (1971), 403 U.S. 443, 477-78, 29 L. Ed. 2d 564, 589-90, 91 S. Ct. 2022, 2044, involving the propriety of the search of an automobile without a warrant, the United States Supreme Court noted that,

> "[T]he notion that the warrantless entry of a man's house in order to arrest him on probable cause is per se legitimate is in fundamental conflict with the basic principle of Fourth Amendment law that searches and seizures inside a man's house without warrant are per se unreasonable in the absence of some one of a number of well defined 'exigent circumstances.' "

We recognize the need of law enforcement officers for a definitive statement as to when they may make a warrantless entry into a person's place of dwelling in order to effectuate an arrest. Because of the changes taking place in this field of law, the lack of a direct ruling of the United States Supreme Court and the recent studied reluctance of the supreme court of our State to speak to the subject, we choose also not to do so. The law must develop on a case by case basis.

■■ ■ The cited Illinois cases are consistent with the dictum of *Coolidge* in that more than mere probable cause to arrest the accused existed in each of those cases. The additional circumstances existing might in a broad sense be considered to be exigent or exceptional. Although we conclude that the exigent circumstances rule in its full flower as defined in the *Wolgemuth* opinion of the appellate court has not yet been adopted in this State, we rule that mere probable cause to arrest is insufficient of itself to justify the type of entry in question. For this reason the various criteria which make up the rule are worthy of some consideration here.

The appellate court in *Wolgemuth*, in ruling that exceptional or exigent circumstances were required to justify the type of entry in question, suggested that the factors listed in *Dorman v. United States* (D.C. Cir. 1970), 435 F.2d 385, be considered in determining whether exigent circumstances were shown. These include whether (1) the offense is a grave one, particularly one of violence, (2) the suspect is reasonably believed to be armed, (3) there exists not only the minimal probable cause requisite for issuing a warrant, but beyond that a clear showing of probable cause including "reasonably trustworthy information" to believe that the suspect committed the crime involved, (4) strong reason exists to

believe the suspect is in the premises being entered, (5) there is a likelihood that the suspect will escape if not swiftly apprehended, (6) the entry is forcible or peaceful and (7) the entry occurs during daytime or at night.

Entry here clearly occurred in the nighttime. The trial court could have found that the entry was forcibly made and that the officers had no reasonable grounds to believe that the defendant was present or that he was likely to flee. In fact the officers had waited for an hour or so upon obtaining the information as to the offense and defendant's place of address before attempting the arrest. The officers were not in hot pursuit.

On the other hand the officers did have knowledge that the offense was a violent one. It appeared to have arisen out of a dispute and although the defendant was alleged to have used a gun, he used it to hit with rather than to shoot with. The case was, for this reason, dissimilar to *Clay* where the defendants were charged with armed robbery and murder. Although the defendant was stated to have a gun, the evidence was such that the trial court could have determined that defendant was not likely to use the gun on others.

Viewing the evidence presented on the motion to suppress most favorably to the defendant, we conclude that not enough circumstances other than probable cause to arrest were present to authorize the warrantless entry. Accordingly, we affirm the order of the court suppressing the evidence.

REARDON and WEBBER, JJ., concur.