THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
EDWARD ANTRIM, Defendant-Appellant.

First District (3rd Division)    No. 77-993

Opinion filed November 15, 1978.—Modified on denial of rehearing January 10, 1979.

Paul M. Brayman, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Francis X. Speh, Jr., and Ira H. Raphaelson, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMON delivered the opinion of the court:

The defendant, Edward Antrim, was convicted of attempt murder and aggravated battery, and sentenced to a term of 4 to 12 years on each count, with the terms to run concurrently. He fired three shots at close range into Daniel Sullivan's back. His defense was that Sullivan and Rex Ridings were engaged in a fight and he shot Sullivan to protect Ridings from death or serious injury at Sullivan's hands.

His appeal raises the following issues: (1) was he denied his statutory right to a speedy trial when the State was allowed a 58-day continuance

pursuant to section 103—5(c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(c)) to locate missing witnesses; (2) in view of recent Illinois Supreme Court holdings in *People v. Harris* (1978), 72 Ill. 2d 16, 377 N.E.2d 28, and *People v. Trinkle* (1977), 68 Ill. 2d 198, 369 N.E.2d 888, was the jury properly instructed on the elements of attempt murder; (3) was the evidence sufficient to prove the defendant guilty of attempt murder beyond a reasonable doubt; (4) did the court in instructing the jury on aggravated battery err in omitting necessary instructions on the defendant's right to use justifiable force in defending another person; and (5) did the trial judge err in sentencing the defendant when the judge expressed the mistaken belief that the sentence he imposed was the minimum sentence.

The defendant contends that the State in seeking a postponement of the trial date failed to show that the missing witnesses were material and that there were reasonable grounds to believe that they could be located as required by section 103—5(c) (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(c)). The defendant argues that because of these failures, the court abused its discretion in granting the continuance and thereby deprived the defendant of his right to a speedy trial guaranteed by section 103—5(b) (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(b)). Subsection (c) of section 103—5 allows an extension of the period for bringing the defendant to trial under the statute guaranteeing an accused person a speedy trial, if the court determines that the State has exercised due diligence to obtain material evidence, and that there are reasonable grounds to believe that such evidence may be located at a later date. The State moved for a continuance under this provision to locate three witnesses.

■■ ■ It is true, as the defendant vigorously asserts, that there was no explanation or testimony during the hearing on the State's motion with respect to the materiality of the witnesses the State claimed were missing. But, in disposing of a defendant's contention that he has been denied a speedy trial, a reviewing court should, in order to reach a just result, examine the entire record as it existed at the time the motion for a continuance is considered. (*People v. Allen* (1971), 1 Ill. App. 3d 197, 199, 272 N.E.2d 296.) The record here establishes that the State in responding to the defendant's discovery request listed the three persons in question as witnesses the State might call. Subsequently, and prior to the hearing on the State's motion for the continuance, the defendant responded to the State's reciprocal discovery request for a list of witnesses he intended to call by stating, "In addition to those individuals listed as witnesses by the State, the defendant may call additional witnesses." By his response the defendant acknowledged that the three witnesses listed by the State in its discovery answer, and who were also later named in its motion for a continuance, were material; otherwise the defendant would not have

answered in his own discovery response that he might call them. In view of this concession, to require the State to make an additional showing when it moved for a continuance that the three witnesses were material would only result in needless duplication; the statutory requirement that the evidence the State seeks to obtain be "material to the case" was satisfied by the defendant's admission in his discovery answer.

The defendant also argues that the State failed to show that there was a reasonable anticipation that the witnesses could be located in the future. The police investigator who appeared as a witness for the State testified that he probably could find Ridings who was one of the witnesses, as he had learned 2 days prior to testifying that Ridings was on probation. He also testified that Ridings had been arrested 10 days previously for violation of probation, and, although Ridings was not living at the address he gave when arrested, his arrest and the probability that Ridings was on probation, indicated the likelihood that he could be found. This late lead on Ridings, standing alone, indicated the likelihood of Riding's being located, and justified the granting of the extension.

The propriety of granting a continuance which delays the trial beyond the time specified by the statute is a matter for the trial court's discretion, and its decision will not be disturbed unless there has been a clear abuse of discretion. (*People v. Arndt* (1972), 50 Ill. 2d 390, 393, 280 N.E.2d 230.) For the reasons set forth above, we conclude that the trial court in allowing the State's motion for a continuance did not abuse its discretion, and thus did not deprive the defendant of his right to a speedy trial.

The defendant also argues that the trial court failed to instruct the jury properly on the attempt murder charge. *People v. Harris* held that in a case involving attempt murder, an instruction that proof is required that a defendant knowingly and intentionally acted in a way which created a strong probability of death or great bodily harm to another person is erroneous. The court reasoned that such an instruction does not satisfy the intent element required for attempted murder because it is not sufficient in proving that charge to show only that the accused intended to cause great bodily harm. The vice in such an instruction is that it permits a jury to find an accused guilty of attempt murder when the evidence establishes only that he intended to cause great bodily harm short of death. The court said in *Harris*, at page 27: "An instruction must make it clear that to convict for attempted murder nothing less than a criminal intent to kill must be shown."

■ In this case, the jury was not properly instructed. The instructions closely paralleled those found wanting in *Harris*. Murder was defined as an act performed with knowledge that it would create a strong probability of death or great bodily harm. At the same time the jury was

instructed that attempt murder required proof that the defendant performed an act which constituted a substantial step toward the commission of murder or that the defendant performed an act with intent to commit murder. The instruction was erroneous; as in *Harris*, it told the jury that the defendant could be found guilty of attempt murder if he acted only with the intent to do great bodily harm rather than with the intent to cause death.

■ The State responded to *Harris* in oral argument by contending it should be applied only prospectively. A State supreme court may, in its discretion, choose to apply a ruling overturning its prior decision either prospectively or retroactively. (*Great Northern Ry. Co. v. Sunburst Oil & Refining Co.* (1932), 287 U.S. 358, 364-65, 77 L. Ed. 360, 366, 53 S. Ct. 145.) Our supreme court offered no explicit statement of how it intended its ruling in *Harris* to be applied. Accordingly, we must turn to that court's rulings in other cases for guidance in determining whether *Harris* should be applied retroactively.

In *Braxon v. Bressler* (1872), 64 Ill. 488, 493, the court said that rulings which overturn prior decisions "operate retrospectively." This is a crucial policy consideration—and even more critical in a criminal case. Another important consideration is that an analysis of Illinois case law on the validity of the jury instructions given in this case discloses that, except for the brief interval when *People v. Muir* (1977), 67 Ill. 2d 86, 365 N.E.2d 332, was in effect, the prevailing law in this State appears to have been precisely what the court in *Harris* said it was. In *People v. Gilday* (1932), 351 Ill. 11, 20, 183 N.E. 573, where the defendant was charged with assault with intent to murder, the supreme court held that an instruction comparable to the one ruled erroneous in *Harris* was reversible error. The court said in *Gilday*:

> "The intent to make out this case was the intent to murder, while the intent required by the instruction may have been an intent to do bodily injury, only, even though an assault was committed deliberately and was likely to be attended with dangerous consequences." (*Gilday*, at 20.)

And, it appears to us that the rule announced in *Gilday* was the law until the supreme court ruled to the contrary in *People v. Muir*, a holding which was soon severely eroded by *People v. Trinkle* (1977), 68 Ill. 2d 198, 369 N.E.2d 888, and shortly thereafter overruled by *Harris*. Thus, for 46 years, except for the shortlived period when *Muir* was in effect, the law in this State was consistent with the holding in *Harris*. (See *People v. Muir* (1976), 38 Ill. App. 3d 1051, 1056-57, 349 N.E.2d 423.) Under these specific circumstances, and given the general rule announced in *Braxon* regarding retroactivity, we believe it only sensible to apply *Harris* retroactively in this case. This stance will bring the law into internal

harmony, rather than permit the errors which occurred during the abberational *Muir* period to stand uncorrected. It will also, more importantly, restore the legitimate rights of the defendant in this case whose trial was marred by the erroneous instruction. Consequently, we hold that *Harris* should be applied retroactively, rather than only prospectively.[1]

Following oral argument, the State advised this court that in the event the attempt murder instructions were held to be erroneous, it requested that the attempt murder conviction be reduced to aggravated battery and the case be remanded for resentencing. This request, coupled with our holding that the attempt murder instructions were erroneous, puts the State in the position of abandoning the attempt murder charge and instead seeking to convict the defendant only of aggravated battery. Thus, it is unnecessary to consider the defendant's contention that in any event the proof was not adequate to establish defendant's guilt of attempt murder beyond a reasonable doubt. However, we are still required to review the defendant's argument that his conviction for aggravated battery should be reversed because of incomplete jury instructions regarding justifiable use of force in defending another.

■ The defendant points out that the attempt murder instruction included the instruction that the State must prove "that the defendant was not justified in using the force which he used," while the aggravated battery instruction did not incorporate comparable language. Therefore, the defendant contends that even though Illinois Pattern Instruction, Criminal No. 24.06, which deals with use of force in defense of a third person, was given as a separate instruction, the jury could have concluded that justifiable use of force was a defense only to attempt murder and not to aggravated battery.

The instructions, taken as a whole, correctly set forth the law applicable to justifiable use of force in defense of a third person. In view of the separate instruction that was given on use of force in defense of another, there is no reason for this court to conclude that the jury did not regard that instruction as applicable to the entire case. It was the trial court's obvious intent that the instruction should be applicable to both of the charges against the defendant. We do not agree, therefore, that the defendant was prejudiced by the omission of the force element from the

---

[1] It appears that the supreme court applied *Harris* retroactively in *People v. Burdine* (Docket No. 50672, Sept. Term 1978). In that case, an instruction of the type condemned in *Harris* was given, and the appellate court, prior to the *Harris* decision, held that the instruction was proper. (*People v. Burdine* (1978), 57 Ill. App. 3d 677, 683, 373 N.E.2d 694.) The supreme court on September 29, 1978, allowed the defendant's petition for leave to appeal, and in the exercise of the court's supervisory jurisdiction reversed the conviction of attempt murder. Citing *Harris*, the court remanded the cause for a new trial on the charge of attempt murder, while affirming convictions of armed robbery and aggravated battery.

issue instruction on aggravated battery. The views expressed in *People v. Porter* (1957), 11 Ill. 2d 285, 293, 143 N.E.2d 250, are helpful in evaluating the merits of the defendant's contention with regard to whether the jury was properly instructed on the element of force in defense of another as it applies to aggravated battery as well as attempt murder. The court there said:

> "* * * [D]efendant further contends that certain instructions were prejudicial and misleading, on the ground that they omitted any reference to self-defense. It is neither necessary nor possible that each instruction state all the law of the case, or that the element of self-defense be included in defining all of the various legal concepts upon which the jury must be instructed in a case of alleged murder. The criterion is whether the instructions, considered as a whole, fully state the law relating to the respective theories of the defendant and the prosecution." *Porter*, at 293.

The State concedes that in view of *People v. Moore* (1978), 69 Ill. 2d 520, 372 N.E.2d 666, and *People v. White* (1978), 58 Ill. App. 3d 726, 374 N.E.2d 783, the trial judge erred in sentencing the defendant. The State also concedes that in view of our conclusions regarding the attempt murder instructions, this case should be remanded for resentencing on the aggravated battery conviction.

Accordingly, the defendant's conviction for attempt murder is reversed, his conviction for aggravated battery is affirmed, the sentences imposed on the defendant are vacated, and the matter is remanded to the circuit court for resentencing on the defendant's conviction for aggravated battery.

Affirmed in part, reversed in part, and remanded for further proceedings.

JIGANTI and McGILLICUDDY, JJ., concur.