THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LEE C. TAYLOR, Defendant-Appellant.

First District (4th Division)   No. 77-1582

Opinion filed February 1, 1979.

Ralph Ruebner and Susan McElroy, both of the State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Cornelia Honchar Tuite, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LINN delivered the opinion of the court:

Defendant, Lee C. Taylor, was convicted in a jury trial of the offense of attempt murder and sentenced to a term of eight to 20 years. On

appeal, defendant raises two issues: (1) whether it was improper to admit into evidence a shotgun found during a warrantless entry and search of defendant's apartment, and (2) whether the jury was improperly instructed regarding the mental state required to convict of attempt murder.

We uphold the trial court's ruling on the evidentiary question; however, in view of the recent Illinois Supreme Court decisions in *People v. Harris* (1978), 72 Ill. 2d 16, 377 N.E.2d 28, and *People v. Trinkle* (1977), 68 Ill. 2d 198, 369 N.E.2d 888, we reverse defendant's conviction for attempt murder and remand the cause to the circuit court of Cook County for a new trial.

Defendant was charged with firing a shotgun at Robert Mozingo. Prior to trial, defendant moved to suppress a shotgun found in his apartment by officers who had entered the premises without a warrant. The evidence presented at the hearing on the motion to suppress showed that on the evening of June 26, 1976, police officers responded to a call of a man with a shotgun. When they arrived at the scene, they were told that defendant had fired at Mozingo as he stood on a third-floor porch. The officers observed a spray of shotgun pellets in the area of the porch. The victim described his assailant as a black man over six feet tall, wearing blue jeans, no shirt and a cast on his right arm. Mozingo informed the officers that he had seen the gunman in the neighborhood before and that he believed the assailant resided at a certain nearby address.

The officers immediately proceeded to the address supplied by Mozingo where they spoke to the manager who said the man matching the assailant's description lived in apartment 20. The officers went to apartment 20, knocked on the door and when they received no response, announced themselves and entered. While looking under the bed for the suspect, they saw, in plain view, the stock of a shotgun sticking out from between the mattress and the box spring. The officers did not examine the gun for evidence of gun powder. Shortly thereafter, defendant was arrested as he emerged from a nearby building. On the basis of this evidence, the trial court denied the motion to suppress.

At trial, the defense objected to the following instructions regarding the mental state required for attempt murder:

"To sustain the charge of attempt, the State must prove the following propositions: First: That the defendant performed an act which constituted a substantial step toward the commission of the crime of murder; and Second: That the defendant did so with intent to commit the crime of murder. If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty. If, on the other hand, you find from your

consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty." Illinois Pattern Instructions, Criminal, No. 6.07 (1968) (hereinafter I.P.I.).

"A person commits the crime of murder who kills an individual if, in performing the acts which cause the death, he intends to kill or do great bodily harm to that individual; or he knows that such acts will cause death to that individual; or he knows that such acts create a strong probability of death or great bodily harm to that individual." (I.P.I. Criminal No. 7.01.)

This objection was overruled by the trial court and the jury returned a guilty verdict on the attempt murder charge.

OPINION

Defendant contends that the shotgun was found during an unlawful warrantless entry into his apartment. Although counsel for defendant conceded this issue at oral argument, we believe it merits some discussion.

Whether a warrantless entry into the private home of a suspect by police officers for the purpose of making an arrest supported by probable cause, must also be supported by proof of exigent circumstances, is an issue left unresolved by the courts in this State. (See *People v. Abney* (1978), 58 Ill. App. 3d 54, 373 N.E.2d 861.) By statute a police officer may arrest without a warrant when "[h]e has reasonable grounds to believe that the person is committing or has committed an offense." (Ill. Rev. Stat. 1975, ch. 38, par. 107—2(c).) In such cases "[a]ll necessary and reasonable force may be used to effect an entry into any building or property or part thereof to make an authorized arrest." Ill. Rev. Stat. 1975, ch. 38, par. 107—5(d).

The decisions of the Illinois Supreme Court which have considered the issue of warrantless entry have concluded that law enforcement officers may enter a dwelling without warrant or consent, to make an arrest, provided there is probable cause for the arrest prior to entry. (See, e.g., *People v. Clay* (1973), 55 Ill. 2d 501, 304 N.E.2d 280; *People v. Johnson* (1970), 45 Ill. 2d 283, 259 N.E.2d 57, *cert. denied* (1972), 407 U.S. 914, 32 L. Ed. 2d 689, 92 S. Ct. 2445; *People v. Sprovieri* (1969), 43 Ill. 2d 223, 252 N.E.2d 531; *People v. Barbee* (1966), 35 Ill. 2d 407, 220 N.E.2d 401.) These decisions have not addressed the need for proof of exigent circumstances in addition to the probable cause requirement. However, under these cases, it is clear that the police officers' entry into defendant's apartment at a known address, only minutes after the commission of a violent crime, was supported by probable cause to arrest defendant.

In *People v. Wolgemuth* (1977), 69 Ill. 2d 154, 370 N.E.2d 1067, our

supreme court, although expressly declining to reach the issue, commented that the United States Supreme Court has not yet directly determined whether exigent circumstances are also required to justify a warrantless entry. They noted that several Federal circuits have held that exigent circumstances may be constitutionally required. (69 Ill. 2d 154, 159-60, 370 N.E.2d 1067, 1070; see also *United States v. Reed* (2d Cir. 1978), 572 F.2d 412.) The following have been enumerated as factors to be considered in determining whether exigent circumstances exist:

> "(1) the gravity or violent nature of the offense with which the suspect is to be charged; (2) whether the suspect 'is reasonably believed to be armed'; (3) 'a clear showing of probable cause * * * to believe that the suspect committed the crime'; (4) 'strong reason to believe that the suspect is in the premises being entered'; (5) 'a likelihood that the suspect will escape if not swiftly apprehended'; and (6) the peaceful circumstances of the entry." *United States v. Reed* (2d Cir. 1978), 572 F.2d 412, 424, citing *Dorman v. United States* (D.C. Cir. 1970) 435 F.2d 385, 392-93.

■ We find it unnecessary to resolve the exigent circumstances question here. Even if proof of exigent circumstances was held to be constitutionally required, and we expressly do not so hold, an analysis based on the criteria listed above indicates that the warrantless entry and search was justified in this case. The officers reasonably believed that they were in close pursuit of an armed and dangerous man. The suspect had a shotgun which he had displayed a willingness to use. The officers had a reliable description of the suspect and good reason to believe that he could be found at a nearby location. Because defendant was a resident of the neighborhood and could reasonably expect to be identified by his victim, he had every reason to flee the neighborhood to avoid apprehension. Finally, the proximity of defendant's residence to the scene of the crime, the speed with which the officers proceeded and the early evening hour in which the entry was made support a finding that the warrantless entry was permissible under the circumstances. *Cf. People v. Abney* (1978), 58 Ill. App. 3d 54, 373 N.E.2d 861.

⊙ 2 Once lawfully within the premises, the officers were authorized to make a reasonable search for the suspect and to seize evidence in plain view. (*People v. Barbee* (1966), 35 Ill. 2d 407, 220 N.E.2d 401; *People v. Kepi* (1978), 65 Ill. App. 3d 327, 382 N.E.2d 642.) Therefore, we hold the trial court correctly allowed the admission of the shotgun found in plain view during a lawful search of defendant's apartment.

■ Defendant also argues that the trial court improperly instructed the jury on the mental state required to sustain a conviction of attempt murder. The instructions given were in material respects the same as the instructions disapproved by the supreme court in *People v. Harris* (1978),

72 Ill. 2d 16, 377 N.E.2d 28. Following the earlier reasoning in *People v. Trinkle* (1977), 68 Ill. 2d 198, 369 N.E.2d 888, the court in *Harris* stated: "the instructions were defective in that they permitted the jury to find the defendant guilty of attempted murder if it concluded that the defendant knew that his acts created a strong probability of great bodily harm to another person even if the evidence did not show that the defendant had acted with an intent to kill." (72 Ill. 2d 16, 26-27, 377 N.E.2d 28, 33.) The attempt murder instructions given in this case were erroneous under *Harris* in that they permitted the jury to convict defendant of attempt murder on proof of something less than a criminal intent to kill. 72 Ill. 2d 16, 27, 377 N.E.2d 28, 33; *People v. Brock* (1978), 64 Ill. App. 3d 64, 380 N.E.2d 1102; *People v. Pearson* (1978), 67 Ill. App. 3d 300, 384 N.E.2d 1331.

The State's attempt to distinguish this case on its facts is not persuasive. The evidence of defendant's intent to kill is no more overwhelming than in the case of *People v. Shields*, consolidated with and disposed of by the supreme court in *Harris*.

■ Finally, we must reject the State's contention that *Harris* should be given only prospective application. In *People v. Antrim* (1978), 67 Ill. App. 3d 1, 385 N.E.2d 5 (as modified on denial of petition for rehearing), two reasons were given for applying the ruling in *Harris* retroactively. The first is the policy of giving retroactive application to rulings which overturn prior decisions. More importantly, after analyzing the history of cases addressing the attempt murder instruction problem, the court in *Antrim* next concluded that the rule enunciated in *Harris* has, in effect, been the law in Illinois for nearly 50 years, save for a brief period of time between the supreme court's decision in *People v. Muir* (1977), 67 Ill. 2d 86, 365 N.E.2d 332, and its subsequent decisions in *Trinkle* and *Harris*. We agree with the reasoning in the *Antrim* decision and, accordingly, find the *Harris* decision controlling in the instant case.

We conclude that the *Harris* decision requires a reversal of defendant's attempt murder conviction. The trial court's ruling on the evidentiary question is sustained. The defendant's conviction is reversed and the cause remanded for a new trial not inconsistent with this opinion.

Reversed and remanded.

JOHNSON and SIMON, JJ., concur.