THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICKY L. ADKISSON, Defendant-Appellant.

Third District   No. 78-190

Opinion filed December 7, 1979.

924

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Carl E. Hawkinson, State's Attorney, of Galesburg (John X. Breslin and Marc D. Towler, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Ricky L. Adkisson, the defendant, entered blind pleas of guilty in the circuit court of Knox County to two charges of attempt murder. Judgments of guilty were entered on the pleas and the defendant was sentenced to two concurrent terms of imprisonment of not less than 40 nor more than 50 years. From these convictions and sentences imposed thereon the defendant appeals.

On May 18, 1977, the defendant was charged by information with one count of rape and two counts of attempt murder. This court directs its attention to the attempt murder counts. One count charged the defendant with the intent to commit the offense of attempt murder, and he performed a substantial step toward the commission of that offense in that he stabbed Rebecca Ann Adkisson without legal justification and with intent to do great bodily harm to her. Another count charged the same offense, used the same language, but named a different victim, to-wit, Robin Ann Adkisson. Pursuant to a motion of the State, the informations on both attempt murder counts were amended by changing the words "with intent to do great bodily harm" to "with intent to kill or do great bodily harm." These amendments were made on July 28, 1977.

At an arraignment on June 1, 1977, the defendant entered pleas of not guilty as to the rape count and two attempt murder counts. On September 12, 1977, the defendant by counsel asked to withdraw his not-guilty pleas to the attempt murder counts and in lieu thereof pleaded guilty to each of said counts. The trial court read each of these counts to the defendant and in response to an inquiry of the court stated that he understood with what he was charged. The defendant was then advised by the court that attempt murder was a Class 1 felony with a minimum sentence of four years and an indeterminate maximum term. The defendant again indicated that he wanted to plead guilty to both counts. The trial court further admonished defendant as to his right to trial and attendant rights and made the customary inquiries as to threats, force, coercion, and promises. Receiving satisfactory replies the trial court accepted the guilty pleas.

A factual basis for the attempt murder offenses was then requested by the court. The state's attorney responded by stating that the evidence would disclose that the defendant was present at a house on Bandy Avenue in Galesburg at approximately 11 p.m. on May 17, 1977, and that while there he stabbed his stepmother, Rebecca Adkisson, nine or ten

times with a knife and with the intent to kill or do great bodily harm. Robin Adkisson heard her mother scream and tell her to get to a phone; that the defendant then stabbed Robin three times with intent to kill or do great bodily harm. Rebecca was hospitalized for her wounds but recovered. The defendant acknowledged that the account as set forth by the state's attorney was substantially correct. The trial court then entered a finding of guilty as to the attempt murder count and ordered the dismissal of the rape count.

Subsequently the defendant was sentenced to the concurrent terms which we have previously referred to.

Several issues are raised in this appeal, the first of which is that the defendant was improperly admonished pursuant to the requirements of Supreme Court Rule 402 (Ill. Rev. Stat. 1977, ch. 110A, par. 402).

In regard to this issue, it is the defendant's argument that he was improperly admonished as to the nature of the charge against him in that the counts relating to attempt murder did not correctly describe the mental state which must be attributable to an accused for an offense.

■■ The mental state described in the attempt murder counts and which was read to him by the court stated that he (the defendant) performed acts of stabbing "with intent to kill or do great bodily harm." Presently the law is that a proper charge for attempt murder must allege that the accused had a specific intent to kill. It is no longer sufficient or correct to allege that the accused was possessed of a mental state to do great bodily harm. (*People v. Trinkle* (1977), 68 Ill. 2d 198, 369 N.E.2d 888; *People v. Harris* (1978), 72 Ill. 2d 16, 377 N.E.2d 28.) This court, however, in the instant case is concerned with the law as to the element of an accused's mental state for the offense of attempt murder which was *in esse* on September 12, 1977, which was the date the defendant pleaded guilty. On this particular date a charge for attempt murder was sufficient which alleged that an accused performed certain acts "knowing such acts created a strong probability of death or great bodily harm." (See *People v. Muir* (1977), 67 Ill. 2d 86, 365 N.E.2d 332.) The law as set forth in *Muir* was overruled by our supreme court in the case of *Trinkle* on October 5, 1977, and a rehearing in *Trinkle* was denied on November 23, 1977. Examining the chronology of *Muir, Trinkle* and *Harris*, it is clear that at the time the attempt murder counts were drafted, amended, copies provided to the defendant and then read to him when he entered his pleas of guilty, that he was correctly charged and admonished as to the requisite mental state which should be attributed to an accused in order to sustain the charges.

The defendant, however, asserts that he was denied his constitutional right to the effective assistance of counsel during proceedings conducted subsequent to the time he entered his pleas of guilty.

In considering this broad assertion we direct our attention to one of the narrower issues upon which it is predicated. This issue is that defendant's counsel in a motion to withdraw his client's guilty pleas pursuant to Supreme Court Rule 604(d) (Ill. Rev. Stat. 1977, ch. 110A, par. 604(d)) failed to raise the issue of improper admonishments pursuant to Supreme Court Rule 402, to-wit, and, *inter alia,* the nature of the charge, potential penalties, and factual basis for the crime.

While these arguments of the defendant merit careful consideration this court will not consider them in the light of the defendant's argument that he was denied effective assistance of counsel. The defendant was represented by an experienced public defender who did file a post-guilty plea motion and vigorously represented the defendant in the hearing on the same. The law as to the intent element necessary for an attempt murder conviction was for a time during the defendant's court appearances in a state of flux. Error or oversight may have occurred to the prejudice of the defendant, but serious as this may have been, the record falls short of setting forth an omission of duty which would support a finding that defendant's counsel provided incompetent representation.

■■■ This court is cognizant of the fact that in the defendant's motions to withdraw his guilty pleas no grounds were set forth which pertained to Supreme Court Rule 402 admonishments (Ill. Rev. Stat. 1977, ch. 110A, par. 402). Does the failure to raise such grounds constitute a waiver as far as consideration by this court is concerned? We believe not, for we do not deem that the plain error rule (Ill. Rev. Stat. 1977, ch. 110A, par. 615(2)) is precluded of application when there is a failure to raise an issue in a Supreme Court Rule 604(d) motion. See *People v. Reher* (1978), 60 Ill. App. 3d 32, 376 N.E.2d 402.

Again it is necessary to examine chronologically certain events that transpired in the trial court. On September 12, 1977, the defendant entered his guilty pleas. As previously stated, the law relating to the element of intent requisite for the offense of attempt murder was that set forth in the case of *Muir,* and the defendant was properly admonished as to the nature and elements of the offenses with which he was charged. The case of *Trinkle* changing the law became effective on November 23, 1977, and such change should have become general knowledge shortly thereafter. The defendant on October 25, 1977, filed a motion to withdraw his guilty pleas and to vacate the judgments entered on them. This motion was ultimately heard and denied by the trial court on April 24, 1977. For a period of 152 days there was an opportunity for someone to call to the trial court's attention that subsequent to the entry of the judgments of guilty on the defendant's guilty pleas that the law relating to the element of intent had been changed and that the correct law should be applied to pending cases. The law as set forth in *Trinkle* eroded *Muir,* and

the case of *Harris* (*People v. Harris* (1978), 72 Ill. 2d 16, 377 N.E.2d 28) explicitly overruled *Muir. Harris* has repeatedly been given retroactive application and the courts have specifically noted that with the exception of the abberational short period of *Muir* the law as stated in *Harris* had been in effect for a period of 46 years. *People v. Zazzetti* (1979), 69 Ill. App. 3d 588, 388 N.E.2d 82; *People v. Antrim* (1979), 67 Ill. App. 3d 1, 385 N.E.2d 5; *People v. Taylor* (1979), 68 Ill. App. 3d 776, 386 N.E.2d 555. ■ This court calls attention to the retroactive application of *Harris*; however, for purposes of this appeal we do not believe that we have a retroactive or prospective application question presented. The case of *Trinkle* which changed the law in regard to intent was decided and became effective while defendant's case was still pending in the trial forum. No final disposition of the defendant's case had been made at the trial level and such being the situation, the defendant should have been properly charged as to his alleged offenses even though it necessitated the vacating of the guilty judgments entered by the court.

■ Could the change in the law have been called to the court's attention in a Rule 604(d) motion? This question should be answered in the affirmative since we deem such a motion to be the proper vehicle to apprise the trial court that a defendant was improperly charged and admonished. Rule 604(d) provides that "when the motion is based on facts that do not appear of record it shall be supported by affidavit." (Ill. Rev. Stat. 1977, ch. 110A, par. 604(d).) The motion filed by counsel for defendant could have been amended prior to the time it was determined, as in fact it was as to certain other grounds on December 5, 1977.

The judgment of guilty entered on the pleas of guilty tendered by the defendant as to the offenses of attempt murder should be vacated, the pleas of guilty should be withdrawn and this case remanded to the trial court for the purpose of permitting the defendant to plead anew.

We further agree with the defendant that while not prejudiced, he was erroneously advised as to the penalty for attempt murder. The record also indicates that the defendant was improperly advised that he had a choice between a hearing in aggravation and mitigation or having the trial judge read the presentence report. We will not engage in further discussion of these two assigned errors since it is not to be anticipated that such errors will recur in subsequent trial court proceedings.

For the reasons stated the judgments of conviction entered against the defendant by the circuit court of Knox County are reversed, and this case is remanded for further proceedings consistent with the directions contained herein.

Reversed and remanded with directions.

ALLOY and STENGEL, JJ., concur.