THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICKY L. ADKISSON, Defendant-Appellant.

Third District    No. 80-565

Opinion filed November 12, 1980.

Robert Agostinelli and Thomas Lilien, both of State Appellate Defender's Office, of Ottawa, for appellant.

Carl Hawkinson, State's Attorney, of Galesburg (Marc D. Towler and Jane F. Bularzik, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This court has previously entered an opinion in this case which reversed the convictions of the defendant, Ricky L. Adkisson, for two offenses of attempt murder. (*People v. Adkisson* (1979), 78 Ill. App. 3d 923, 397 N.E.2d 922.) The reversal was predicated on a determination that plain error was committed when prior to the disposition of the defendant's case before the trial court, during a hearing on a Rule 604(d) motion (Ill. Rev. Stat. 1977, ch. 110A, par. 604(d)) there was a failure to properly admonish or inform the defendant as to the requisite mental state which must be alleged to support the offense of attempt murder. The supreme court in reversing our decision remanded the case to this court for the consideration of additional issues presented in defendant's appeal and which were not determined. *People v. Adkisson* (1980), 83 Ill. 2d 1.

The factual situation which resulted in this appeal is set forth in detail in this court's opinion of 1979 and our supreme court's opinion of 1980, both citations which we have heretofore set forth in this opinion.

The defendant in his brief raised the issue that he was denied effective assistance of counsel. In our previous opinion we determined that he had not been denied effective assistance of counsel, and with that determination our supreme court agreed.

■■ The defendant also assigned as error the trial court's admonition

regarding the minimum sentence for attempt murder. The trial court did err in advising the defendant that attempt murder was a Class I felony with a required four-year minimum term of imprisonment when in fact the minimum may be less than four years. Even though erroneously advised, the defendant does not suggest that he would not have entered pleas of guilty had he known that the sentence for attempt murder was less than he was told to expect. The defendant complains about an erroneous admonishment that could benefit rather than prejudice him. (See *People v. Whitlow* (1980), 86 Ill. App. 3d 858, 411 N.E.2d 1354.) That a technical mistake occurs in advising a defendant as to possible maximum and minimum sentence which can be imposed does not constitute reversible error where no prejudice results to the defendant. *People v. Hrebenar* (1971), 131 Ill. App. 2d 877, 266 N.E.2d 733.

The defendant further asserts that he was improperly advised by the trial court that he had a choice between a hearing in aggravation and mitigation or having the trial judge read the presentence report. The record reflects that at the sentencing hearing the following colloquy ensued:

> "THE COURT: Alright. Mr. Adkisson, you are entitled to have a hearing at which time your counsel could present witnesses and the State could present any matters they wanted to in aggravation and you could present anything in way of mitigation. I also have before me a presentence investigation report, which I have not read, and I don't know what is in it. You have a choice. If you want to, you can let me read the report and decide from the report what to do or you can bring in witnesses and have a hearing, at which time I would decide from the evidence the witnesses offered in the courtroom. Do you understand the difference between the two procedures?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Which procedure do you want to follow, Mr. Adkisson?
>
> THE DEFENDANT: Go ahead and get this over with.
>
> MR. STOFFEL: We are willing to waive a hearing in mitigation and aggravation.
>
> THE COURT: Are you willing to waive your right to have a hearing in mitigation and aggravation?
>
> THE DEFENDANT: Yes."

■■ This court is cognizant of the statutory provision in our Criminal Code which provides that at a sentencing hearing a judge is required to consider both any presentence reports and any evidence offered in aggravation and mitigation besides allowing the defendant to speak in his own

behalf. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—4—1(a).) As stated in our first opinion in this appeal, the defendant was improperly advised by the trial court at the sentencing hearing. From the colloquy between the court, the defendant and his counsel it is to be noted that a hearing in aggravation and mitigation was waived. Further, this issue is being raised by the defendant for the first time in this appeal, and consequently there has been a waiver by the defendant of any alleged error. (See *People v. Tannenbaum* (1980), 82 Ill. 2d 177; *People v. Foster* (1979), 76 Ill. 2d 365, 392 N.E.2d 6; and our supreme court's opinion in the instant case, *People v. Adkisson* (1980), 83 Ill. 2d 1.) The salutory purpose of a waiver rule is to encourage timely objections to trial court errors in order to permit correction in the trial court, rather than to reward a nonobjecting party with a reversal resulting from his own failure to act. The defendant in the instant case has clearly waived any impropriety which may have occurred at his sentencing hearing.

■■ Lastly, we direct our attention to the defendant's contention that his two sentences of 40 to 50 years' imprisonment on his two attempt murder convictions (the same to run concurrently) are excessive and should be reduced. The record discloses that the nature and circumstances of his offenses warrant sentences greater than the statutory minimum. We agree, and in the light of the offenses committed by the defendant and his prior juvenile and adult record we cannot conclude that the sentences imposed are excessive. The defendant with no provocation strangled, beat, stabbed and raped his stepmother. When his nine-year-old stepsister attempted to aid her mother she was stabbed three times by the defendant. Although the defendant at the time of the offense was only 18 years of age, he had an extensive juvenile record which illustrated that he had been an incorrigible youth who would not comply with any authority or supervision. Although only 18 years of age, he already had a prior adult felony conviction, to wit, burglary. For this offense he had been sentenced to 90 days in the county jail and to three years' probation. A reviewing court's power to reduce sentences is narrowly limited to those cases where the record clearly reveals that the trial court abused its discretion in imposing sentence. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) The "abuse of discretion" rule as announced in *Perruquet* was the law in effect at the time the defendant was sentenced. In the light of the brief resume we have set forth pertaining to the vicious, unprovoked offenses of the defendant and his past criminal record, we cannot conclude that in imposing the sentences the trial court abused its discretion. We are aware of the case of *People v. Choate* (1979), 71 Ill. App. 3d 267, 389 N.E.2d 670, which holds that the "abuse of discretion" rule is replaced by the "affirmative showing" rule. If the case of *Choate* is to be followed, then it is clear from the record that the defendant in the instant

case has failed to make an affirmative showing that the sentences imposed by the trial court were erroneously imposed, and consequently as an appellate court of review we are not authorized to reduce them.

For the reasons set forth the defendant's attempt murder convictions and the sentences imposed thereon by the Circuit Court of Knox County are affirmed.

Affirmed.

ALLOY, P. J., and STENGEL, J., concur.