637 A.2d 269

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Dennis D. ROLAND, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 20, 1993.

Decided Feb. 4, 1994.

596

Lester G. Nauhaus, Public Defender and Shelley Stark, Chief–Appellate Div., Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Kemal A. Mericli, and Kevin F. McCarthy, Asst. Dist. Attys., Pittsburgh, for appellee.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

### OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal, by allowance, from a memorandum decision of the Superior Court which affirmed a judgment of sentence entered by the Court of Common Pleas of Allegheny County. The appellant, Dennis D. Roland, was convicted of furnishing liquor or malt or brewed beverages to minors, possession of a small amount of marijuana, and possession of drug paraphernalia. A fine of $250.00, plus costs of prosecution, was imposed.

Appellant's convictions rested on evidence obtained when police entered his home, without a warrant, to investigate underage drinking. Appellant sought to have the evidence suppressed on the ground that it was obtained through an illegal search. At issue is whether the trial court erred in

denying suppression. The record of the suppression hearing provides the following factual background.

On September 29, 1989, at approximately 10:15 p.m., police responded to a call from an individual who claimed to have been assaulted. The individual, a nineteen-year-old male, was bleeding about the head. He claimed that he had been struck while at a party in appellant's nearby home. He also stated that there was underage drinking and marijuana use at the party.

Around 11:30 p.m., after driving this individual to his residence, police went to appellant's home to investigate. They knocked at the front door, and appellant answered. Appellant, an adult, had been seated inside with a number of individuals, and, while the door was open, police observed that the individuals were under the age of twenty-one years. The minors were sitting in close proximity to numerous cans of beer, and, upon seeing the police, they attempted to shield the cans from view. Believing that underage drinking was taking place, police entered the home and conducted a search. They found many opened and unopened cans of beer, as well as a small bag of marijuana, marijuana seeds, and a pipe containing marijuana residue.

Appellant was placed under arrest. He subsequently admitted that he had purchased the beer in question, in addition to rum, for consumption by the minors. Based on this evidence, appellant was tried and convicted on the present charges.

Prior to trial a motion to suppress evidence was filed by appellant. It was denied by the trial court, on the basis that the search of appellant's home was justified by exigent circumstances. The Superior Court affirmed. We reverse.

■ The applicable standard of review in an appeal challenging the denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are in error. *Commonwealth v. Cortez*, 507 Pa. 529, 532, 491 A.2d 111, 112 (1985), cert. denied, 474 U.S. 950, 106 S.Ct. 349, 88 L.Ed.2d 297 (1985). In the present case, the courts below erroneously

concluded that the search of appellant's home was supported by exigent circumstances.

■■■■ In a private home, "searches and seizures without a warrant are presumptively unreasonable...." *Arizona v. Hicks*, 480 U.S. 321, 327, 107 S.Ct. 1149, 1153, 94 L.Ed.2d 347, 355 (1987). Absent probable cause and exigent circumstances, the entry of a home without a warrant is prohibited under the Fourth Amendment. *Payton v. New York*, 445 U.S. 573, 583–90, 100 S.Ct. 1371, 1378–82, 63 L.Ed.2d 639, 648–53 (1980). In determining whether exigent circumstances exist, a number of factors are to be considered. As stated in *Commonwealth v. Wagner*, 486 Pa. 548, 557, 406 A.2d 1026, 1031 (1979),

> Among the factors to be considered are: (1) the gravity of the offense, (2) whether the suspect is reasonably believed to be armed, (3) whether there is above and beyond a clear showing of probable cause, (4) whether there is strong reason to believe that the suspect is within the premises being entered, (5) whether there is a likelihood that the suspect will escape if not swiftly apprehended, (6) whether the entry was peaceable, and (7) the time of the entry, i.e., whether it was made at night. These factors are to be balanced against one another in determining whether the warrantless intrusion was justified.

Accord *Commonwealth v. Williams*, 483 Pa. 293, 298–99, 396 A.2d 1177, 1179–80 (1978), cert. denied, 446 U.S. 912, 100 S.Ct. 1843, 64 L.Ed.2d 266 (1980). Other factors may also be taken into account, such as whether there is hot pursuit of a fleeing felon, a likelihood that evidence will be destroyed if police take the time to obtain a warrant, or a danger to police or other persons inside or outside the dwelling. See *Minnesota v. Olson*, 495 U.S. 91, 100, 110 S.Ct. 1684, 1690, 109 L.Ed.2d 85, 95 (1990). Nevertheless, "police bear a heavy burden when attempting to demonstrate an urgent need that might justify warrantless searches or arrests." *Welsh v. Wisconsin*, 466 U.S. 740, 749–50, 104 S.Ct. 2091, 2097, 80 L.Ed.2d 732, 743 (1984).

■ Where an offense being investigated by police is a minor one, a balancing of the foregoing factors should be weighted against finding that exigent circumstances exist. *Welsh v. Wisconsin,* 466 U.S. at 750–53, 104 S.Ct. at 2098–99, 80 L.Ed.2d at 743–45 (1984). See also *Commonwealth v. Williams,* 483 Pa. at 298, 396 A.2d at 1179 (where no grave offense is involved, particularly a crime of violence, the justification for proceeding without a warrant is more likely absent).

As stated in *Welsh v. Wisconsin,* 466 U.S. at 750–53, 104 S.Ct. at 2098–99, 80 L.Ed.2d at 743–45,

> Before agents of the government may invade the sanctity of the home, the burden is on the government to demonstrate exigent circumstances that overcome the presumption of unreasonableness that attaches to all warrantless home entries.
>
> . . . .
>
> [I]t is difficult to conceive of a warrantless home arrest that would not be unreasonable under the Fourth Amendment when the underlying offense is extremely minor.
>
> . . . [A]n important factor to be considered when determining whether any exigency exists is the gravity of the underlying offense. . . . [A]pplication of the exigent-circumstances exception in the context of a home entry should rarely be sanctioned when there is probable cause to believe that only a minor offense, such as the kind at issue in this case, has been committed.

■ Applying these considerations to the present case, we regard the entry by police into appellant's home as improper. Clearly, the police were not in hot pursuit of a fleeing felon. Nor was there a danger to police or other persons that would have necessitated an immediate entry. There was no reason to believe that appellant or the minors were armed. Further, the entry occurred at nighttime, which is a particularly suspect time for searches to be conducted. See *Commonwealth v. Williams,* 483 Pa. at 299, 396 A.2d at 1180 (an entry made at night raises particular concern over its reasonableness); Pa.R.Crim.P. 2003(c).

At the suppression hearing the police did not testify that they had any information, prior to entering appellant's home, that appellant had furnished beer and liquor to the minors. Nor did they testify that they observed any indication of marijuana use prior to making their entry. Rather, they stated that their entry was triggered by their belief that underage drinking was taking place, due to their own observation of minors inside the residence who were attempting to shield cans of beer from view.

Given probable cause to believe that the offense of underage drinking was present, police should have obtained a warrant before searching appellant's home. Underage drinking is not a grave crime of violence, such as might have justified a warrantless entry. See *Commonwealth v. Williams,* supra; *Welsh v. Wisconsin,* supra. Rather, it is a summary offense. 18 Pa.C.S. § 6308(a).

The Superior Court, in affirming the denial of suppression in this case, held that the exigencies justifying the warrantless entry were the risk that evidence, to wit, the beer cans, would be removed or destroyed before a warrant could be obtained, and the possibility that minors would flee from the scene. Beer cans are not, however, a type of evidence that can be readily destroyed, as, for example, by flushing them down a drain or burning them. The risk of the cans being destroyed before a warrant could be obtained was, therefore, negligible. Further, if the minors attempted to leave the scene while in possession of the beer or in an intoxicated state, before a warrant was obtained, police could have taken action pursuant to 18 Pa.C.S. § 6308 (mere possession of beer by a minor is an offense) or 18 Pa.C.S. § 5505 (public intoxication). Even if some of the minors had succeeded in fleeing from the scene, it must be remembered that "[o]ne of the prices we have to pay for the security which the Fourth Amendment bestows upon us is the risk that an occasional guilty party will escape." *Commonwealth v. Newman,* 429 Pa. 441, 448, 240 A.2d 795, 798 (1968).

Moreover, in *Welsh v. Wisconsin,* supra, the risk of loss or destruction of evidence was addressed in relation to exigent

circumstances. In *Welsh,* where the police had entered a home to arrest the owner for drunk driving, an offense that under the laws of Wisconsin was merely a noncriminal civil forfeiture offense, the Supreme Court of the United States stated that "a warrantless home arrest cannot be upheld simply because evidence of the petitioner's blood-alcohol level might have dissipated while police obtained a warrant." 466 U.S. at 754, 104 S.Ct. at 2100, 80 L.Ed.2d at 746 (footnote omitted). Similarly, in the present case, even assuming arguendo that beer cans might have been removed from appellant's home before a warrant could be obtained, this alone would not have supported a warrantless entry to investigate the summary offense of underage drinking.

Thus, given the minor nature of the offense that triggered the police entry, and the lack of exigent circumstances supporting that entry, the denial of appellant's motion for suppression was erroneous.

Judgment of sentence reversed, and a new trial granted.

CASTILLE, J., did not participate in the consideration or decision of this matter.

MONTEMURO *, J., files a dissenting opinion which is joined by PAPADAKOS, J.

MONTEMURO, Justice, dissenting.

Because I believe the police had probable cause and exigent circumstances to justify their warrantless search, I dissent.

I agree with the Majority that searches and seizures of a home are presumptively unreasonable. *Arizona v. Hicks,* 480 U.S. 321, 107 S.Ct. 1149, 94 L.Ed.2d 347 (1987); *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). However, it has long been recognized that warrantless searches and seizures will be upheld where the police had probable cause and were presented with exigent circum-

---

* Mr. Justice Frank J. Montemuro is sitting by designation as Senior Justice pursuant to Judicial Assignment Docket No. 94 R1800, due to the unavailability of Mr. Justice Rolf Larsen, see No. 127 Judicial Administrative Docket No. 1, filed October 28, 1993.

stances for the search. *New Jersey v. TLO,* 469 U.S. 325, 340, 105 S.Ct. 733, 742, 83 L.Ed.2d 720 (1985) (citing *Almeida–Sanchez v. United States,* 413 U.S. 266, 273, 93 S.Ct. 2535, 2539, 37 L.Ed.2d 596 (1973)); *Sibron v. New York,* 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); *Commonwealth v. Danforth,* 395 Pa.Super. 1, 576 A.2d 1013 (1990), *aff'd, Commonwealth v. Kohl,* 532 Pa. 152, 615 A.2d 308 (1992). I believe that the police in the instant case had probable cause to enter the home, and exigent circumstances to conduct a warrantless search once inside.

Probable cause is a flexible common-sense standard. *Texas v. Brown,* 460 U.S. 730, 742, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502 (1993); *See also Brinegar v. United States,* 338 U.S. 160, 176, 69 S.Ct. 1302, 1311, 93 L.Ed. 1879 (1949) ("probable cause is a "practical non-technical standard"). It exists where the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed. *Berger v. New York,* 388 U.S. 41, 87 S.Ct. 1873, 18 L.Ed.2d 1040 (1967); *See also Commonwealth v. Hicks,* 434 Pa. 153, 253 A.2d 276 (1969); *Commonwealth v. Palm,* 315 Pa.Super. 377, 462 A.2d 243 (1983).

In the instant case, officer Gehrmann responded to a call made by 19 year old Edward Maxwell. (R.R. at 5) When officer Gehrmann arrived, he found Maxwell injured and bleeding from the head. *Id.* Maxwell informed Gehrmann that he had been assaulted at a party at the Roland household on 826 Kewanna Avenue. *Id.* Maxwell further stated that underage drinking and marijuana smoking were occurring at the party and that he had participated in these activities. (R.R. at 6–7)

Whether an informant's tip gives rise to probable cause is determined by a "totality of the circumstances approach" weighing the informant's veracity, reliability and knowledge. *Illinois v. Gates,* 462 U.S. 213, 230, 103 S.Ct. 2317, 2328, 76 L.Ed.2d 527 (1983). In *Gates,* the Court held that an anonymous letter sent to the police was not sufficient to give the police probable cause to search the defendant's car and home.

*Id.* at 227, 103 S.Ct. at 2326. However, the court found, "[o]ur decisions applying the totality-of-the-circumstances analysis ... have consistently recognized the value of corroboration of details of an informant's tip by independent police work." *Id.* at 241, 103 S.Ct. at 2334. Clearly, Maxwell's tip did not provide the police with the requisite probable cause to suspect that underage drinking and drug use was occurring at the party. The officer had no way of judging the veracity of his informant as he was a minor whom the officer had not dealt with previously. However, once officer Gehrmann knocked on the door of the Roland house and saw several minors sitting in proximity to beer cans, he had probable cause to believe that drug use and underage drinking was occurring on the premises as he had "personally verified every facet of the information given him by [the informer] ..." *Id.* at 243, 103 S.Ct. at 2334 (quoting *Draper v. United States,* 358 U.S. 307, 313, 79 S.Ct. 329, 333, 3 L.Ed.2d 327 (1959). Although nothing in officer Gehrmann's view would conclusively demonstrate that drug use was taking place on the premises, he could conclude that the informant was correct about the underage drinking and was therefore correct about the drug use. *See Gates,* 462 U.S. at 244, 103 S.Ct. at 2335 ("[B]ecause an informant is right about some things he is more probably right about other facts"). Thus, Officer Gehrmann had facts within his knowledge, based on Maxwell's tip and his own corroborating police work, giving him probable cause to believe that drug use and underage drinking were occurring on the premises.

Having established probable cause for crossing the threshold, I believe that the police officers had exigent circumstances to conduct a search of the home and secure evidence for Roland's prosecution.

The realities and practicalities of law enforcement dictate that where exigent circumstances exist, the warrant requirement is excused. *United States v. Velasquez,* 626 F.2d 314 (3rd Cir.1980); *Commonwealth v. Holzer,* 480 Pa. 93, 389 A.2d 101 (1978). The Majority quotes and then applies the seven factors set forth in *Commonwealth v. Williams,* 483 Pa. 293, 396 A.2d 1177, *cert. denied,* 446 U.S. 912, 100 S.Ct. 1843, 64

L.Ed.2d 266 (1980) and in *Commonwealth v. Wagner*, 486 Pa. 548, 406 A.2d 1026 (1979), *overruled, Commonwealth v. Miller*, 490 Pa. 457, 417 A.2d 128 (1980). Using these factors, they conclude that exigent circumstances did not exist. In *Williams* we held, "[w]hile the numerous and varied street fact situations do not permit a comprehensive catalog of cases covered by [the term exigent circumstances], it may be useful to refer to a number of considerations that are material, and have pertinence in the case at bar." *Williams*, 483 Pa. at 298, 396 A.2d at 1179 (quoting *Dorman v. United States*, 435 F.2d 385, 392–3 (D.C.Cir.1970). Thus, the factors set forth in *Williams* and *Wagner* were not intended to be a checklist or litmus test to be rigidly applied to every case. *Commonwealth v. Williams*, 411 Pa.Super. 586, 602 A.2d 350 (1992).

Instead, I believe more helpful are the cases holding that exigent circumstances exist where the need for prompt police action is imperative to prevent the destruction of evidence. "The possibility that evidence will be destroyed by defendants who have discovered government surveillance of their activities often has been recognized as a sufficient exigency to justify a warrantless entry." *United States v. Edwards*, 602 F.2d 458, 468 (1st Cir.1979). *See also United States v. Guidry*, 534 F.2d 1220 (6th Cir.1976); *United States v. Blake*, 484 F.2d 50 (8th Cir.1973), *cert. denied*, 417 U.S. 949, 94 S.Ct. 3076, 41 L.Ed.2d 669 (1974); *United States v. Rubin*, 474 F.2d 262 (3rd Cir.), *cert. denied*, 414 U.S. 833, 94 S.Ct. 173, 38 L.Ed.2d 68 (1973); *Commonwealth v. Holzer*, 480 Pa. 93, 389 A.2d 101 (1978); *Commonwealth v. Conn*, 377 Pa.Super. 442, 547 A.2d 768 (1988), *appeal denied*, 521 Pa. 617, 557 A.2d 721 (1989).

I believe, as the Superior Court recognized, that the test the United States Court of Appeals formulated in *United States v. Rubin* and adopted by the courts of this Commonwealth in *Commonwealth v. Conn, supra*, is more helpful in resolving the instant case. In *Rubin*, the Court of Appeals found that a police officer's belief that evidence might be destroyed rises to the level of exigent circumstances when, "[g]overnment agents . . . have probable cause to believe contraband is present and,

in addition, based on surrounding circumstances or the information at hand, they reasonably conclude that evidence will be destroyed or removed before they can secure a search warrant ..." *Rubin,* 474 F.2d at 268. The court found the following circumstances helpful to the analysis: (1) the degree of urgency involved and the amount of time necessary to obtain a warrant; (2) the reasonable belief that the contraband is about to be removed; (3) the possibility of danger to the police officers guarding the site of the contraband while a search warrant is sought; (4) information indicating the possessors of the contraband are aware that the police are on their trail and; (5) the ready destructibility of the contraband. *Rubin,* 474 F.2d at 268–269.

In the instant situation, the police seized marijuana, marijuana seeds, drug paraphernalia in the form of a smoking pipe, a case of empty beer cans and twenty beer cans in various stages of fullness, as well as several minor guests to support Roland's convictions. There is no question in this case that the defendant knew the police were "on his trail." Officer Gehrmann clearly saw the defendant and the minors consuming alcohol. Roland was well aware of this when he greeted the police at his front door.

Furthermore, the officers could reasonably believe that the evidence would be destroyed or carried away while they attempted to obtain a warrant. In the case of the marijuana, marijuana seeds and the alcohol present in the beer cans, the evidence was "readily destructible." In the case of the beer cans themselves and the drug paraphernalia, they were not "readily destructible" but were easily disposable. We have recognized not only the danger that evidence can be destroyed while officers are attempting to get a warrant, but also that evidence can be "secreted away" from the scene. *See Holzer,* 480 Pa. at 102, 389 A.2d at 106. There is simply no reason to believe that any of the physical evidence would be on the premises if the police returned to the Roland house with a warrant. The defendant had been notified of the police interest, and the police could reasonably believe that he would take

steps to destroy evidence and "secret away" any evidence he could not destroy.

Also, there is no reason to believe that any of the minors on the premises would have remained until the police returned with a warrant. The record reflects that as Officer Gehrmann spoke to Mr. Roland at the front door, various minors attempted to exit the house through the rear roof. Short of laying siege to the Roland house, it is inconceivable that the police could prevent the minors from exiting the house surreptitiously in the dark. It is also doubtful whether the police could stop them in any event. As the suppression court noted, it would be more unreasonable and outrageous to detain a house full of people until a warrant arrived. *See* R.R. at 23. The Majority suggests that if the minors attempted to escape, the police could arrest them pursuant to 18 Pa.C.S.A. § 6308 (possession of beer by a minor) or 18 Pa.C.S.A. § 5505 (public intoxication). It is doubtful that the minors in question would attempt to flee the scene with incriminating evidence of their illegality so an arrest under § 6308 seems unlikely. As to the second contention, nothing in the record suggests that the minors were sufficiently intoxicated to support an arrest under § 5505.

Concededly, the officers would not be in any danger while guarding the Roland house while other officers went to obtain the warrant. However, the other prongs of the *Rubin* test are sufficiently satisfied. More important than satisfying any one test is the common-sense conclusion that there would have been little or no evidence remaining at the Roland house when the police returned with a warrant in hand.

The Majority also contends that the holding of *Welsh v. Wisconsin*, 466 U.S. 740, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984) precludes the finding of exigent circumstances. In *Welsh*, the United States Supreme Court found that the gravity of the underlying offense was to be considered when determining whether an exigency exists. The Court held that the exigent circumstances exception should not be used when the underlying offense was a minor one. The Court, in *Welsh*, stressed that the offense at issue was a non-jailable traffic offense.

*o*

The maximum penalty for this offense was a civil forfeiture proceeding with a maximum fine of $200.[1] The Court held this to be a minor offense making the warrantless search unreasonable.

Nowhere in *Welsh* does the Court provide a definition of what constitutes a minor offense for the purposes of this analysis. The Court, in *dictum*, noted that several states have limited the exigent circumstances exception to those cases involving felonies. *See State v. Guertin*, 190 Conn. 440, 461 A.2d 963 (1983); *People v. Strelow*, 96 Mich.App. 182, 292 N.W.2d 517 (1980); *People v. Sanders*, 59 Ill.App.3d 6, 16 Ill.Dec. 437, 374 N.E.2d 1315 (1978) *cited in Welsh*, 466 U.S. at 752, 104 S.Ct. at 2098. Other states, the Court noted, allowed the exigent circumstance exception where the underlying offense was a misdemeanor. *See State v. Penas*, 200 Neb. 387, 263 N.W.2d 835 (1978); *State v. Niedermeyer*, 48 Or.App. 665, 617 P.2d 911 (1980) *cited in Welsh*, 466 U.S. at 752, 104 S.Ct. at 2098.

Similarly, the Majority's opinion does not provide a framework to determine what is to be considered a minor offense for the exigent circumstances analysis. Their opinion suggests that all misdemeanors will be considered minor. I do not believe that the rationale behind the exigent circumstances exception or the *Welsh* opinion requires that such a line be drawn.

Ultimately, the exigent circumstances exception is a balancing of an individual's right to be free from unreasonable intrusions against the needs of law enforcement in investigating a crime quickly, and preventing the disappearance of evidence necessary to convict criminals. *United States v. Rubin; United States v. Hayes*, 518 F.2d 675 (6th Cir.1975);

1. In fact, the violation at issue in *Welsh* was the petitioner's second violation of the statute in five years subjecting him to potential imprisonment of up to a year. Thus, the petitioner was actually charged with a criminal misdemeanor. The Court minimized the criminal nature of the petitioner's conduct by finding that the police had probable cause at the time of the search to only believe that the petitioner was a first time offender subject to the non-jailable traffic offense. *See Welsh*, 466 U.S. at 746 n. 6, 104 S.Ct. at 2096 n. 6.

*Commonwealth v. Williams,* 411 Pa.Super. 586, 602 A.2d 350 (1992); *Commonwealth v. Hinkson,* 315 Pa.Super. 23, 461 A.2d 616 (1983). I see no reason why *Welsh* should require courts to pre-empt this balancing except in cases involving non-criminal, non-jailable offenses. Instead, I believe that *Welsh*'s admonition to examine the seriousness of the underlying offense should be an element to be considered in determining whether the search was reasonable.

In the instant case, the police had probable cause to believe the following had occurred at the Roland house: (1) a violent assault on Edward Maxwell; (2) drug possession and use; (3) furnishing alcohol to minors; and (4) underage drinking. None of the above-mentioned offenses are felonies; the first three are misdemeanors and the last is a summary offense. However, I believe it premature to deem these misdemeanors "minor" and end the analysis. These misdemeanors are serious in nature as they involve violent crime and/or the welfare of children. I think it best to proceed to the next step and weigh the privacy interest of the defendant, keeping in mind the nature of the offense to determine whether the warrantless search was reasonable.

Here the defendant suffered a relatively minor privacy intrusion. The police walked up to the defendant's home and knocked on his front door with the intention of asking him some questions. The police have the right to knock on the front door of a residence co-extensive with the right of anyone else, be it a neighbor, salesman or pollster. *See United States v. Tobin,* 923 F.2d 1506, 1511 (11th Cir.1991); *Davis v. United States,* 327 F.2d 301, 305 (9th Cir.1964). When Mr. Roland opened his door he was exposing the illegal conduct to the world. The police saw no more than anyone knocking at his door would have seen. Had Mr. Roland wished to keep his illegal activity private he should have been more careful to keep it out of the plain view of anyone standing at his doorstep.[2]

**2.** One might argue that the police sweep through the house created a larger privacy invasion. However, the defendant challenges only the

Thus, after weighing the exigent need of the police to prevent the destruction of evidence and the serious nature of the misdemeanors against the diminished privacy interest of Roland, I would conclude the balance in favor of finding this search reasonable.

For the above-mentioned reasons, I dissent.

PAPADAKOS, J., joins in this dissenting opinion.

threshold intrusion into the house and not the scope of the search beyond that threshold intrusion. *See* R.R. at 10.