## Commonwealth v. Bubonovich

*Jack R. Hencks Jr.,* for Commonwealth.
*Jack W. Conner,* for defendant.

SOLOMON, *J.,* November 14, 2007—In the present case, the defendant, Kaelin Nicole Bubonovich, is charged with hindering apprehension or prosecution

pursuant to 18 Pa.C.S. §5105(a)(1). The defendant filed an omnibus pretrial motion in the nature of a motion to suppress evidence asserting that an illegal search of her residence by the Pennsylvania State Police was conducted, and a hearing on the motion was held.

## BACKGROUND

On March 30, 2007, at approximately 10 a.m., Pennsylvania State Police Trooper David W. Simpson arrived at the scene of an automobile accident on Route 40 westbound. N.T., 9/05/07, at 5-6. Acting on reports that an individual involved in the accident had fled the scene, Trooper Simpson followed a trail of fluid hoping to find the alleged hit and run driver, described as a white male, *id.* at 7-8, driving a tan Buick LeSabre. *Id.* at 10-11. After spending some time searching for the vehicle without success, Trooper Simpson abandoned the search and went to the Uniontown Hospital to interview Christine Bedner, another individual involved in the accident. *Id.* at 11.

While at Uniontown Hospital, Trooper Simpson received information that an abandoned vehicle matching the description of the one involved in the accident was discovered near the Village of Searights. *Id.* at 12. After arriving at Searights, Trooper Simpson was informed by Trooper Petrosky that he had been told by residents of the area that a tan vehicle had been frequently parked in front of apartment 305 in the Village of Searights during the prior week. *Id.* at 21. Trooper Simpson then went to apartment 305 and came into contact with the defendant, the lessee of the apartment, and questioned her about the white male suspect from the vehicle accident. *Id.* at 14, 22-23. Observing several persons in the apartment,

Trooper Simpson asked the defendant about their identity and was told by the defendant that it was her boyfriend and another friend. *Id.* at 14. The trooper then requested to search the apartment, which request was denied by the defendant. *Id.* at 15. Trooper Simpson then questioned the defendant about the tan car allegedly parked in front of the apartment during the previous week, and the defendant responded with conflicting answers regarding the car, first that it was owned by her uncle, and later that it was owned by a friend. *Id.* at 15.

After the defendant denied the request of Simpson to search the apartment, another trooper contacted the property manager and obtained permission to enter the apartment. *Id.* at 22-23. Trooper Mrosko and Trooper Petrosky were permitted by the property manager to enter the residence and, once inside, they located Keith Thomas, an individual that was wanted by the Pennsylvania State Police on another, non-related, charge. *Id.* at 17. In total, approximately three hours had elapsed from the time Trooper Simpson was notified about the accident and when he arrived at the defendant's apartment. *Id.* at 20.

## DISCUSSION

The defendant's omnibus pretrial motion seeks to suppress all evidence arising from the search that occurred on March 30, 2007, contending that the search performed by the Pennsylvania State Police was illegal because no warrant or valid consent was obtained. The position of the Commonwealth is that consent for a search of the apartment was not required because exigent circumstances existed or, in the alternative, consent to search was given by the property manager.

The Fourth Amendment of the United States Constitution protects people from unreasonable governmental intrusions into their legitimate expectations of privacy. *Commonwealth v. Rathfon,* 705 A.2d 448, 450 (Pa. Super. 1997). The expectation of privacy protected under the Fourth Amendment has been held to be greatest in one's home. *Commonwealth v. Shaw,* 476 Pa. 543, 550, 383 A.2d 496, 499 (1978). Additionally, the Pennsylvania Constitution provides that:

"The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant." Pennsylvania Constitution Article I, Section 8.

Therefore, both the United States Constitution and the Pennsylvania Constitution place a high priority on protecting an individual's right to privacy in his own home. To advance the protection of this privacy interest, courts have "established that, absent consent or exigent circumstances, private homes may not be constitutionally entered to conduct a search or effectuate an arrest without a warrant, even where probable cause exists." *United States v. Cruz Jimenez,* 894 F.2d 1, 5 (1990), citing *Donovan v. Dewey,* 452 U.S. 594, 101 S.Ct. 2534 (1981); *Payton v. New York,* 445 U.S. 573, 575, 100 S.Ct. 1371 (1980).

Although generally unreasonable, a warrantless search of property is permitted when consent is given by a third party possessing "common authority" over the premises sought to be inspected. *United States v. Matlock,* 415

U.S. 164, 171, 94 S.Ct. 988, 993 (1974). However, such "common authority" is not implied by a mere property interest and a "landlord or lessor cannot consent to a search of a tenant's premises," regardless of a right to "enter and inspect." *Commonwealth v. Lowery,* 305 Pa. Super. 66, 73, 451 A.2d 245, 248 (1982), quoting *United States v. Matlock,* 415 U.S. 164, 173 n.7, 94 S.Ct. 988, 993 n.7 (1974).

Applying this principle to the present case, the consent to search given to the police by the property manager for the Village of Searights is not consistent with the Fourth Amendment's protection of privacy, or case law. Therefore, his consent was not valid and, therefore, no valid consent to search was obtained prior to the search.

We now turn to whether the warrantless search of the defendant's apartment could be justified under the exigent circumstances exception to the warrant requirement. Federal and Pennsylvania courts have held that a "warrantless search of a private residence may take place" if the police are acting on "exigent circumstances." *Commonwealth v. McAliley,* 919 A.2d 272, 276 (Pa. Super. 2007). In determining whether exigent circumstances exist, "[a]mong the factors to be considered are: (1) the gravity of the offense, (2) whether the suspect is reasonably believed to be armed, (3) whether there is above and beyond a clear showing of probable cause, (4) whether there is strong reason to believe that the suspect is within the premises being entered, (5) whether there is a likelihood that the suspect will escape if not swiftly apprehended, (6) whether the entry was peaceable, and (7) the time of the entry, *i.e.,* whether it was made at night. These factors are to be balanced against one an-

other in determining whether the warrantless search is justified." *Commonwealth v. Roland,* 535 Pa. 595, 599, 637 A.2d 269, 270-71 (1994). "Other factors may also be taken into account, such as whether there is hot pursuit of a fleeing felon, a likelihood that evidence will be destroyed if police take time to obtain a warrant, or a danger to police or persons inside or outside the dwelling. (citation omitted) Nevertheless, 'police bear a heavy burden when attempting to demonstrate an urgent need that might justify warrantless searches or arrests.'" *Id.*

In the present case, the Pennsylvania State Police were seeking to search the defendant's apartment to see if a suspect was present in the residence. If, in fact, the defendant was concealing the presence of the suspect, the likely charge would be hindering apprehension or prosecution pursuant to 18 Pa.C.S. §5105(a). Generally, this offense is graded as a misdemeanor of the second degree unless the person being aided is liable to be charged with a felony of the first or second degree. 18 Pa.C.S. §5105(b). The suspect who was the subject of the search here could be charged under 75 Pa.C.S. §3742, accidents involving death or personal injury, since he allegedly left the scene of a vehicle accident involving an injury. This offense is generally a misdemeanor of the first degree unless serious bodily injury or death has occurred, which is not documented here. Since the alleged offense involved was not especially grave, the police are required to meet a higher burden to prove exigent circumstances.

Another factor in determining the existence of exigent circumstances is whether there is above and beyond a clear showing of probable cause to believe criminal

activity is taking place. Generally, probable cause exists "where the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution in the belief that an offense had been or is being committed." *Commonwealth v. Rogers,* 578 Pa. 127, 138, 849 A.2d 1185, 1192 (2004). In the present case, only two facts support the state troopers' basis for belief that the suspect was in the defendant's residence. One is that there were reports of a tan vehicle being parked outside her house earlier in the past week and the other is that the defendant gave conflicting answers as to the owner of the vehicle. However, there are no reports of witnesses seeing the suspect enter into the defendant's apartment, nor was the vehicle parked near the residence when the police arrived. Thus, there was no strong reason to believe the suspect was within the premises. Further, there is nothing documented that would lead to a reasonable belief that the suspect was armed. Consequently, the Commonwealth has failed to present enough evidence to demonstrate an urgent need that might justify a warrantless search.

Finally, it must be determined whether the Pennsylvania State Police were in hot pursuit of a fleeing felon. In the instant case, the facts do not support such a finding. Trooper Simpson testified that after he searched for the fleeing vehicle, he went to the Uniontown Hospital to interview another operator involved in the accident. Further, when the state police later found the vehicle, it had already been abandoned. Also, three hours had elapsed between the time when Trooper Simpson arrived at the vehicle accident and when he arrived at the defendant's residence. Under these circumstances, there is no

basis to find that the police were in hot pursuit when they performed the search at the defendant's apartment.

Wherefore, upon the foregoing, we will enter the following order.

### ORDER

And now, November 14, 2007, after hearing, it is hereby ordered and decreed that the omnibus pretrial motion of the defendant in the nature of a motion to suppress, is granted, and that any evidence obtained as a result of the search of the apartment of the defendant is suppressed.