J-S80010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| RODERICK L. LEWIS | |
| Appellee | No. 268 MDA 2016 |

Appeal from the Order January 15, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0004451-2015

BEFORE:  LAZARUS, J., STABILE, J., and RANSOM, J.

MEMORANDUM BY LAZARUS, J.:                **FILED JANUARY 11, 2017**

The Commonwealth of Pennsylvania appeals from the January 15, 2016 order entered in the Court of Common Pleas of Berks County granting Roderick L. Lewis' ("Lewis") motion to suppress.[1]   After our review, we affirm.

The trial court's findings are summarized as follows:  On August 19, 2015, at 12:21 p.m., Officer Francisco Contreras received a dispatch that a man, later identified as Lewis, reported a burglary at his apartment at 1009

_____

[1] The Commonwealth filed its notice of appeal on February 16, 2016; the Commonwealth included in the notice its certification that suppression would substantially hinder its prosecution of the case.  **See** Notice of Appeal, 2/16/16. "In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution." Pa.R.A.P. 311(d).

Greenwich Street in Reading, Berks County. The dispatch indicated that Lewis would be outside of his apartment, waiting to speak with Officer Contreras. When Officer Contreras arrived, Lewis informed him that his ex-wife, Jennifer Lewis, had broken into his apartment and stolen his television. When he questioned Jennifer Lewis, who was standing nearby, she denied the allegations and told Officer Contreras he should ask Lewis about the drugs he had in a bottle in his refrigerator. Officer Contreras did not question Jennifer Lewis further; he did not know if the drugs were legal or illegal and he did not know when Jennifer Lewis had last been in Lewis' apartment.

Lewis then walked quickly to his apartment, and Officer Contreras followed him up the common stairwell. Lewis walked into an apartment where the front door was open; from his vantage point, Officer Contreras could see into the kitchen and observed that the refrigerator door was wide open and Lewis was walking away from the refrigerator into the living area. Officer Contreras did not see any illegal substances in plain view; Lewis did not invite Officer Contreras into the apartment, and Officer Contreras did not knock and announce. Officer Contreras then heard a toilet flushing. He entered the apartment, rushed into the bathroom and observed what he suspected was cocaine in a baggie in the bowl of the toilet. Officer Contreras seized the baggie of cocaine.

Lewis was charged with Possession with Intent to Deliver (PWID) (heroin and cocaine),[2] Possession of a Controlled Substance (heroin and cocaine),[3] and Possession with Intent to Use Drug Paraphernalia.[4] Lewis filed a motion to suppress.

At the suppression hearing, Officer Contreras acknowledged that he did not have a search warrant to enter Lewis' home, and he did not have Lewis' permission or consent to enter. N.T. Suppression Hearing, 1/6/16, at 13. Officer Contreras also admitted that he did not know when the last time Jennifer Lewis had been inside the apartment as to have knowledge of what was in the refrigerator and that he had no knowledge of her credibility. *Id.* at 18-20. He also stated that Jennifer Lewis did not say whether the drugs were legal or illegal, but based on both the fact that Lewis went into his apartment at that point and two years of experience, he believed she referred to illegal drugs. *Id.* at 13-14.

Following a hearing, the court granted Lewis' motion to suppress. The Commonwealth appealed and raises one issue for our review: Did the suppression court err in suppressing evidence obtained as a result of the

---

[2] 35 P.S. § 780-113(a)(30).

[3] 35 P.S. § 780-113(a)(16).

[4] 35 P.S. § 780-113(a)(32).

lawful entry of Lewis' apartment based upon probable cause and exigent circumstances?

When the Commonwealth appeals from a suppression order, the relevant scope and standard of review is as follows:

> [We] consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. As long as there is some evidence to support them, we are bound by the suppression court's findings of fact. Most importantly, we are not at liberty to reject a finding of fact which is based on credibility. The suppression court's conclusions of law, however, are not binding on an appellate court, whose duty is to determine if the suppression court properly applied the law to the facts.

*Commonwealth v. Goldsborough*, 31 A.3d 299, 305 (Pa. Super. 2011), (internal citations and quotation marks omitted).

The Commonwealth argues that the evidence presented at the suppression hearing was sufficient to support a finding that Officer Contreras executed a lawful, warrantless search and seizure. The Commonwealth contends Officer Contreras possessed probable cause and there were exigent circumstances justifying a warrantless search. We disagree.

The Fourth Amendment to the United States Constitution and Article 1, Section 8 of the Pennsylvania Constitution protect individuals from unreasonable searches and seizures, thereby ensuring the "right of each individual to be let alone." *In the Interest of D.M.*, 781 A.2d 1161, 1163 (Pa. 2001); *Commonwealth v. Blair*, 575 A.2d 593, 596 (Pa. Super. 1990). As a general rule, a search warrant is required before police may

conduct any search. **Commonwealth v. White**, 669 A.2d 896, 900 (Pa. 1995). Except for a few established exceptions, a warrantless search or seizure is presumptively unreasonable under the Fourth Amendment and under Article I, Section 8 of the Pennsylvania Constitution. **Horton v. California**, 496 U.S. 128 (1990); **Commonwealth v. McCree**, 924 A.2d 621, 627 (Pa. 2007). **See also Commonwealth v. Lopez**, 609 A.2d 177, 178–79 (1992). The "[p]hysical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed." **Commonwealth v. Waddell**, 61 A.3d 198, 211 (Pa. Super. 2012), quoting **Welsh v. Wisconsin,** 466 U.S. 740, 748 (1984).

> It is well established that probable cause alone will not support a warrantless search or arrest in a residence unless some exception to the warrant requirement is also present. Absent consent or exigent circumstances, private homes may not be constitutionally entered to conduct a search or to effectuate an arrest without a warrant, even where probable cause exists.

**Commonwealth v. Santiago**, 736 A.2d 624, 631 (Pa. Super. 1999) (citations omitted). **See also Commonwealth v. Gibbs**, 981 A.2d 274, 279 (Pa. Super. 2009) ("Absent probable cause and exigent circumstances, warrantless searches and seizures in a private home violate both the Fourth Amendment and Article 1, [Section] 8 of the Pennsylvania Constitution.").

In **Commonwealth v. Roland**, 637 A.2d 269 (Pa. 1994), our Supreme Court explained that in determining whether exigent circumstances exist, several factors are to be considered, such as:

> (1) the gravity of the offense, (2) whether the suspect is reasonably believed to be armed, (3) whether there is above and beyond a clear showing of probable cause, (4) whether there is strong reason to believe that the suspect is within the premises being entered, (5) whether there is a likelihood that the suspect will escape if not swiftly apprehended, (6) whether the entry was peaceable, and (7) the time of the entry, i.e., whether it was made at night.

*Commonwealth v. Roland*, 637 A.2d 269, 270-71 (Pa. 1994). "These factors are to be balanced against one another in determining whether the warrantless intrusion was justified." *Commonwealth v. Wagner*, 406 A.2d 1026, 1031 (Pa. 1979).

Further, the *Roland* Court stated that other factors may also be taken into account, "such as whether there is hot pursuit of a fleeing felon, a likelihood that evidence will be destroyed if police take the time to obtain a warrant, or danger to police or other persons inside or outside the dwelling." *Roland*, 637 A.2d at 271, citing *Minnesota v. Olson*, 495 U.S. 91, 100 (1990). Nevertheless, "police bear a heavy burden when attempting to demonstrate an urgent need that might justify warrantless searches or arrests." *Roland*, 637 A.2d at 271, quoting *Welsh v. Wisconsin*, 466 U.S. 740, 749-50 (1984). *See also Commonwealth v. Bowmaster*, 101 A.3d 789 (Pa. Super. 2014).

In this case, a balancing of the *Roland* factors demonstrates a lack of exigency for a warrantless search of Lewis' home. The gravity of the offense was slight, as Officer Contreras was investigating a report that Lewis' ex-wife had broken into the home and stolen a television at the time of the

intrusion. Officer Contreras' belief that evidence might be destroyed, which might give rise to exigent circumstances, is not supported here. Jennifer Lewis' statement to Officer Contreras was not the statement of a confidential informant. Officer Contreras readily admitted he had no basis for believing that Jennifer Lewis was credible. Although Officer Contreras' belief that there were illegal drugs in the refrigerator was perhaps reasonable, and would have supported further investigation, it does not satisfy the quantum of evidence necessary to justify a warrantless intrusion into Lewis' home. The Commonwealth, therefore, failed to prove by clear and convincing evidence that exigent circumstances existed.

The suppression court's findings are supported in the record, and the court properly determined that Officer Contreras' warrantless search violated Lewis' constitutional right to be free of unreasonable searches and seizures. ***Goldsborough***, ***supra***. Officer Contreras' entry in Lewis' apartment was illegal, ***Bowmaster***, ***supra***, and therefore we affirm the court's order granting Lewis' motion to suppress.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/2017

- 7 -